UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH ROCCO DEBONA,

    Petitioner,

v.                                     Case No: 2:20-cv-537-SPC-NPM
                                        Case No: 2:15-cr-157-SPC-NPM

UNITED STATES OF
AMERICA,

    Respondent.
_____/

**OPINION AND ORDER**[1]

Before the Court are Petitioner Joseph Rocca Debona's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1), the Government's Response (Doc. 8), and Debona's Reply (Doc. 9).[2]

On November 12, 2015, a grand jury charged Debona with possession of a firearm and ammunition by a felon in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). (Cr-Doc. 1). The Court denied Debona's motion to suppress the firearm, and the case proceeded to trial. A jury found Debona guilty on

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] The Court cites to documents from the civil docket as (Doc. _) and the criminal docket as (Cr-Doc. _).

December 8, 2016. (Cr-Doc. 131). And on August 29, 2017, the Court sentenced Debona to a 100-month term of imprisonment. (Cr-Doc. 152). Debona appealed the conviction on the basis that the Court erred in denying his motion to suppress. The Eleventh Circuit affirmed. *United States v. Debona*, 759 F. App'x 892 (11th Cir. 2019). Debona did not seek a writ of certiorari from the Supreme Court.

Meanwhile, Debona also faced charges in 20th Judicial Circuit Court in and for Lee County, Florida, Case No. 15-CF-18762. On February 12, 2016, Debona pled nolo contendere to three felony drug charges and three misdemeanors, and the Lee County Court sentenced him to a 20-month term of imprisonment. (Doc. 8-1 at 45-47). He served that sentence from February 6, 2016, to May 5, 2017. (Doc. 8-1 at 53).

On April 1, 2019, Debona filed a § 2241 habeas petition in the Ocala Division of this District Court, accusing the Bureau of Prisons (BOP) of miscalculating his sentence. (Doc. 8-3). He claimed this Court ordered the 100-month sentence to run concurrent with the 20-month term he served for the state conviction, so the BOP should have reduced his sentence to 80 months. (Doc. 8-3 at 6). Debona later moved to voluntarily dismiss his § 2241 petition and asked for "authorization to file his original 28 U.S.C. § 2255 Motion in the district court that issued the illegal sentence." (Doc. 1-8 at 3). On June 29, 2020, the Ocala Court granted Debona's request to dismiss his

case but did not address his request for authorization to file a § 2255 motion. (Doc. 1-9).

Debona constructively filed his § 2255 Motion (Doc. 1) on July 26, 2020, raising three grounds. Grounds 1 and 3 assert ineffective assistance of counsel. Debona faults his trial counsel for failing "to advise the Court that 18 U.S.C. § 3585(b) would prohibit the BOP from awarding him credit for the time spent in the custody of the U.S. Marshal prior to sentencing" and failing to mention U.S.S.G. § 5G1.3(b) when requesting concurrent sentencing. (Doc. 1 at 4). In Ground 2, Debona claims,

> The court incorrectly imposed an additional twenty (20) months to the Defendants sentence and did not account for the BOP's sentencing credit calculation under 18 U.S.C. § 3585(b) resulting in a sentence that was inconsistent with the Courts intent to impose a concurrent and conterminous sentence to the Lee County Case No. 15-CF-18762.

(Doc. 1 at 5).

Debona's Motion fails. First, it is untimely. §2255 motions are subject to a one-year statute of limitations. In this case, the limitations period began on April 7, 2019, when the 90-day period for Debona to seek certiorari expired and his conviction became final. *See Kaufmann v. United States*, 282 F.3d 1336, 1337 (11th Cir. 2002). Thus, Debona had until April 7, 2020 to seek §2255 relief. Debona does not dispute expiration of the limitations period, but

3

he asserts (1) that the Ocala Court authorized his § 2255 motion and (2) entitlement to equitable tolling. The Court disagrees on both counts.

The Ocala Court was silent on Debona's request to file an untimely § 2255 Motion, and the Court does not interpret its silence as an affirmative ruling. The Ocala Court had good reason not to grant Debona's request. Federal courts "lack[] jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed." *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) *see also Swichkow v. United States*, 565 F. App'x 840, 844 (11th Cir. 2014).

Alternatively, Debona asks the Court to equitably toll the statute of limitations. "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 2000). He asks the Court to toll the statute of limitations for the period he was pursuing BOP administrative remedies and the § 2241 petition he later abandoned. But these were not extraordinary circumstances outside Debona's control. He chose to exclusively seek relief under § 2241 during the limitations period, and he chose to change tack after the period expired. Nor does the § 2241 petition show that Debona acted diligently with respect to his §2255 claims. Debona's § 2241 petition embraced this Court's sentencing judgment and attempted to weaponize it against the BOP. He did

not attack the legality or constitutionality of the sentence until he filed his untimely § 2255 Motion. The § 2241 petition does not justify equitable tolling. *See* Outler v. United States, 485 F.3d 1273, 1281 (11th Cir. 2007) (rejecting equitable tolling for a § 2255 motion based on earlier filings because petitioner did not alert the courts to his § 2255 claims prior to expiration of the statute of limitations).

Debona also raises the COVID-19 pandemic as an extraordinary circumstance. But he does not explain how lockdowns or other restrictions hindered his ability to file on time. In fact, Debona states that when he decided to abandon § 2241 in favor of § 2255, he "immediately" moved to dismiss his § 2241 petition. (Doc. 1 at 11). By then, the limitations period had already run. What is more, Debona states his institution locked down on April 1, 2020, just six days before the statute of limitations ran. COVID-19 restrictions do not excuse Debona's untimeliness. *See* Akins v. United States, 204 F.3d 1086, 10899 (11th Cir. 2000) (prison lockdowns did not justify equitable tolling when petitioner failed to explain how they prevented him from preparing his motion).

In addition to being untimely, Debona's Motion lacks merit. All three grounds rest on Debona's mistaken understanding that the Court specifically intended for the 100-month sentenced to be reduced by the 20-month state

sentence. He formed that belief based on this exchange between Debona's trial counsel and the Court:

> MR. MILLER:…Judge, I would just simply request that no matter what date that you – or if you do make a recommendation for a date, that at least whatever sentence it is that it runs concurrent with any other sentence that he was serving. That sentence, Judge, just so the Court is aware, it did fall off, so to speak. He did EOS on that sentence, but I can foresee an issue when we get to BOP – well, Mr. Debona gets to BOP. BOP may decide that they're not going to give him credit since he's been sitting in the Charlotte County Jail against his federal case if he was doing concurrent or he was doing a sentence on the State. Did I butcher that sufficiently, Judge?
>
> THE COURT: I think so.
>
> MR. MILLER: All I'm simply asking is if the Court would consider running a sentence concurrently with any other sentence that he is serving or has served.
>
> THE COURT: Then on those two issues, the government is correct that the Bureau of Prisons is entrusted with the job, if you will, of figuring out the credit for time served that a defendant has in his case. I don't have any objection to this sentence running concurrent with any other sentence that the defendant was serving or has served in regard to this case and the fact it was going on during the pendency of this case. Things were going back and forth, and I understand that. I don't have any objection to him receiving credit from the original date of the arrest on the possession of firearm by convicted felon.

(Cr-Doc. 163 at 16-17). The Court did not order that the sentence run concurrently with the 20-month state sentence. (Cr-Doc. 152 at 2). In fact, Debona had discharged the state sentence by the time this Court entered judgment, so the sentences could not have run concurrently. *See* 18 U.S.C. §

3584. As for calculating credit for time served, the Court explicitly—and correctly—left the determination for the BOP. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). Thus, Debona's belief that the Court intended to reduce his 100-month sentence by 20 months is not supported by the record.

## EVIDENTIARY HEARING

A court must hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "If the petitioner alleges facts, that if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." *Griffith v. United States*, 871 F.3d 1321, 1329 (11th Cir. 2017) (quoting *Aron v. United States*, 291 F.3d 708, 714-15 (11th Cir. 2002)). A petitioner need only allege, not prove, facts that would entitle him to relief. *Id.* However, the alleged facts must be reasonably specific and non-conclusory. *Aron*, 291 F.3d at 715 n.6; *see also Allen v. Sec'y, Fla. Dep't or Corr.*, 611 F.3d 740, 745 (11th Cir. 2010), *cert denied*, 563 U.S. 976 (2011). Further, if the allegations are "affirmatively contradicted by the record" and "patently frivolous," the court need not hold an evidentiary hearing. *Id.*

The Court finds an evidentiary hearing unwarranted here. Debona has not alleged facts that, if proven, would entitle him to relief.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (citations omitted). Debona has not made the requisite showing here and may not have a certificate of appealability on any ground of his Motion.

Accordingly, it is now

**ORDERED:**

Petitioner Joseph Rocca Debona's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to enter judgment, terminate all motions and deadlines, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on March 1, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1

Copies:  All Parties of Record